1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LULA WILLIAMS,

                    Plaintiff,

        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                    Defendant.

NO.  C16-6042RSL


ORDER AFFIRMING
COMMISSIONER'S DECISION
AND DISMISSING CASE

Plaintiff Lula Williams appeals the final decision of the Commissioner of the Social

Security Administration ("Commissioner"), which denied her application for Supplemental

Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f,

after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the

Commissioner's decision is AFFIRMED.

I.        FACTS AND PROCEDURAL HISTORY

Plaintiff is a 49-year-old woman with a high school education. Administrative Record

("AR") at 236, 241. Her past work experience was as a cashier and a security guard. AR at

242. Plaintiff was last gainfully employed in August of 2007. AR at 241.

Plaintiff filed an application for SSI on August 1, 2013. AR at 53. Plaintiff asserted that she was disabled due to rheumatoid arthritis, hypertension, high cholesterol, and diabetes. AR at 240.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 53. Plaintiff requested a hearing, which took place on December 18, 2014. Id. On July 27, 2015, the ALJ issued a decision finding that plaintiff was not disabled based on her finding that plaintiff could perform work available in significant numbers in the national economy. AR at 53-66. Plaintiff's request for review by the Appeals Council was denied on November 8, 2016 (AR at 1-6), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On December 23, 2016, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 3.

## II.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

### III. EVALUATING DISABILITY

As the claimant, Ms. Williams bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 3

basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. § 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. § 416.920(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. § 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

IV.     DECISION BELOW

On May 7, 2015, the ALJ issued a decision finding the following:

1.      The claimant has not engaged in substantial gainful activity since August 1, 2013, the application date (20 C.F.R. §§ 416.971 et seq.).

2.      The claimant has the following severe impairments: degenerative joint disease, bilateral knees; degenerative disc disease, lumbar spine; obesity; diabetes with neuropathy; and sleep apnea (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4. The claimant has the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a). Specifically, the claimant can lift and carry ten pounds occasionally and ten pounds frequently; sit about six hours and stand and/or walk about two hours in an eight-hour day with regular breaks; retain unlimited ability to push and pull within these exertional limitations; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; and avoid concentrated exposure to vibration, fumes, odors, dusts, gases, poor ventilation, and hazards.

5. The claimant is unable to perform any past relevant work (20 C.F.R. § 416.965).

6. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.960(c) and 416.966).

7. The claimant has not been under a disability, as defined in the Social Security Act, since August 1, 2013, the application date (20 C.F.R. § 416.920(g)).

AR at 53-66.

## V.     ISSUES ON APPEAL

The issues on appeal are:

A.     Whether the ALJ erred in evaluating plaintiff's severe impairments.

B.     Whether the ALJ erred in evaluating plaintiff's subjective complaints.

C.     Whether the ALJ erred in evaluating the medical evidence in the record.

Dkt. 12 at 1.

## VI.     DISCUSSION

A.     Evaluation of Plaintiff's Severe Impairments

Plaintiff argues that the ALJ erred by failing to find several of plaintiff's impairments to be severe impairments. See Dkt. 12 at 2-6. The Court finds no harmful error.

At step two of the sequential evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 416.920(a)(4)(iii), (c); see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b); SSR 85-28, 1985 WL 56856, at *3. The claimant has the burden of proving that her "impairments or their symptoms affect her ability to perform basic work activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).

The step-two inquiry, however, is a *de minimis* screening device used to dispose of groundless claims. See Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). An ALJ must still consider all medically determinable impairments, not just those determined to be severe, when assessing a claimant's RFC. See SSR 96-8p, 1996 WL 374184, at *2. Therefore, where an ALJ finds in a claimant's favor at step two, any error in failing to determine other impairments to be severe is harmless so long as the ALJ considered the limitations stemming from those impairments throughout the remainder of the analysis. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (finding that an ALJ's error is harmless where it is inconsequential to the ultimate disability determination).

Here, the ALJ found in plaintiff's favor at step two, determining that she had several severe impairments. See AR at 55. Plaintiff argues that the ALJ still failed to consider limitations that stemmed from her hypertension, headaches, dizziness, and depression in assessing the RFC. See Dkt. 14 at 4. However, the only functional limitations that plaintiff argues are missing from the RFC are those to which she testified herself. See Dkt. 12 at 3-5;

Dkt. 14 at 4. The ALJ considered plaintiff's testimony in assessing the RFC, including plaintiff's complaints that stemmed from the impairments that were found not to be severe, such as dizzy spells and headaches. See AR at 60-64. The ALJ then gave sufficient reasons to discount plaintiff's subjective complaints, as described below. See infra § VI.B. Therefore, plaintiff does not meet her burden of establishing that any error by the ALJ in evaluating her severe impairments was harmful.

B.    Evaluation of Plaintiff's Testimony

Plaintiff argues that the ALJ erred by discounting plaintiff's subjective complaints. See Dkt. 12 at 6-12. The Court disagrees.

Questions of credibility are solely within the control of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. Allen v. Heckler, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. See id. at 579. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

Here, plaintiff testified that, due to her impairments, she could not sit for more than 30 minutes without needing to stretch, could not stand for more than ten minutes, and could not walk more than half a block. <u>See</u> AR at 86-87. She testified that she had headaches two or three times a week that required her to lie down for half an hour. <u>See</u> AR at 91. She also testified that she experienced dizzy spells several times a day that required her to stop and close her eyes for a minute. <u>See</u> AR at 92. The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but the ALJ discounted the severity of the alleged limitations because plaintiff stopped working for reasons unrelated to a disability and because the limitations were inconsistent with plaintiff's activities. <u>See</u> AR at 61-63.

First, an ALJ may discount a claimant's testimony in part due to the fact that she left her job for reasons other than her alleged impairments. <u>See</u> <u>Bruton v. Massanari</u>, 268 F.3d 824, 828 (9th Cir. 2001). Here, plaintiff stopped working as a cashier at a fast food restaurant in 2008 in order to care for family members. <u>See</u> AR at 78-79. Plaintiff did not state that she left that job due to any functional limitations but stated that she applied for disability in 2013 because her symptoms "just started to change" and she could not return to that kind of work. <u>See</u> AR at 78-81.

Also, an ALJ may use a claimant's activities to form the basis of an adverse credibility determination if they "contradict [her] other testimony." <u>See</u> <u>Orn v. Astrue</u>, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ noted that plaintiff was the primary caretaker of her grandson, planned road trips, went on shopping trips, went to church, and took her grandson to the pool, parks, and playground. <u>See</u> AR at 61 (citing AR at 271-72, 516, 530, 534). The ALJ found those activities inconsistent with plaintiff's testimony that she could sit for no more than 30 minutes at a time or stand for no more than ten minutes. <u>See</u> AR at 61. Accordingly, the ALJ

assessed plaintiff with an RFC limiting her to sedentary work with additional restrictions but discounted the severity of the limitations to which plaintiff testified. See AR at 59. Substantial evidence supports the ALJ's clear and convincing reasons for discounting plaintiff's testimony.

C.     Evaluation of the Medical Evidence

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of treating physician Raffaela Betza, M.D. See Dkt. 12 at 12-17. The Court disagrees.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample, 694 F.2d at 642.  In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r, Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating physician. Lester, 81 F.3d at 830. Even when a treating physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

In August 2013, Dr. Betza completed a medical opinion form stating that, among other limitations, plaintiff could work no more than ten hours a week because she was unable to lift at least two pounds or unable to stand or walk. See AR at 384-85. These severe limitations were contradicted by the opinions of examining physician Gary Gaffield, D.O., and state agency medical consultant Olegario Ignacio, Jr., M.D. See AR at 63-64. Therefore, the ALJ gave Dr. Betza's opinion little weight because, among other reasons, the opinion was inconsistent with plaintiff's activities. See AR at 22.

An ALJ may reject a physician's conclusion that a claimant suffers from marked limitations on the basis that other evidence of the claimant's ability to function, including reported activities of daily living, contradicts that conclusion. See Morgan, 169 F.3d at 601-02. As described above, plaintiff's activities were entirely inconsistent with an inability to lift two pounds, stand, or walk. See supra § VI.B. Substantial evidence supports the ALJ discounting Dr. Betza's opinion because the severity of the limitations was inconsistent with plaintiff's activities. Therefore, the ALJ did not err in evaluating the medical evidence.

VII.    CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 25th day of October, 2017.

*Mark S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 10